# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN ADAMS,

                      Petitioner,                    Case Number: 2:07-CV-14439

v.                                       HON. MARIANNE O. BATTANI

CARMEN PALMER,

                      Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner John Adams, a state inmate presently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus. Petitioner challenges his 2002 convictions for three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

### I.

Petitioner's convictions arise from the assault of his daughter Anastasia. Anastasia testified that, when she was in the first grade, her parents, Petitioner and Alethia Stern, were not living together and she sometimes stayed with her father at her father's mother's house. One night when she was at her grandmother's house, her father attempted to rape her, perform cunnilingus on her, and told her to perform fellatio on him. She screamed and her brother Chaquarious came running upstairs. When Chaquarious came upstairs, Petitioner pushed Chaquarious down. The next day, Petitioner took her shopping and purchased her a swimsuit. He told her not to tell anyone what he had done.

Chaquarious Adams testified that, when he was four or five, he was at his grandmother's house with his sister when Anastasia and Petitioner went upstairs while he watched television. He heard his sister scream and went upstairs to investigate. His father pushed him and told him not to tell anyone what was going on.

Brenda Brautigan testified that, in June 1997, she became Anastasia and Chaquarious' legal guardian. Around Easter of that year, she noticed blood stains on Anastasia's underwear. Brautigan called Anastasia's mother to inform her about the blood stains. Stern insisted the stains were from bowel movements. In 2000, Anastasia told Brautigan that her father had touched her and made her touch him.

Police Officer Brian Budde testified that he investigated the allegations of abuse against Petitioner. He made numerous attempts to interview Petitioner for almost a year. Eventually, Petitioner was arrested. He admitted to having a drug problem when the conduct was said to have occurred, but did not admit to the conduct.

Alethia Stern, the mother of Anastasia and Chaquarious, testified for the defense. She testified that her daughter had a reputation for lying. Stern admitted that she declined to take her daughter for a physical examination when requested to do so by the investigating officer.

Petitioner testified in his own defense. He denied attempting to avoid being questioned by the police and denied the allegations of abuse.

## II.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, and one count of assault and battery. On July 1, 1996, he was sentenced to 19 to 60

2

years' imprisonment for each of the first-degree criminal sexual conduct convictions, 3 to 15

years' imprisonment for the second-degree criminal sexual conduct conviction, and 90 days'

imprisonment for the assault and battery conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following

claims:

> I.      The trial court committed an error of law and defendant was denied his right to remain silent and his right to a fair trial by the admission of evidence in the Prosecutor's case in chief that he failed to make a pre-arrest statement to the police, and by the Prosecutor's argument that his failure to tell the police 'I didn't do it' proved that he did. U.S. Constitutional Amendment VI; XIV; Michigan Constitution Article I, Section 17, 20.

> II.     Defendant was denied a fair trial by the erroneous admission of irrelevant and unfairly prejudicial evidence implying that he had previously held a knife to his wife's neck.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Adams*, No.

240844 (Mich. Ct. App. Sept. 25, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising

the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied

leave to appeal. *People v. Adams,* No. 125019 (Mich. Apr. 30, 2004).

Petitioner then filed a motion for relief from judgment in the trial court, raising the

following claims:

> I.      Defendant is entitled to a new trial based on newly discovered evidence, exculpatory evidence; or in the alternative, the Defendant was denied his right to effective assistance of counsel.

> II.     Defendant's sentence of 19 to 60 years in prison is disproportionate and he must be resentenced.

> III.    The erroneous scoring of the Defendant's guidelines resulted in impermissible double counting, and therefore, Defendant must be resentenced.

IV.      The defendant is entitled to resentencing because offense variable 12 was inaccurately scored at 50 points.

The trial court denied the motion. *People v. Adams*, No. 01-181442-FC (Oakland County Circuit Court Apr. 11 2006).

Petitioner filed applications for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Adams*, No. 132964 (Mich. June 26, 2007); *People v. Adams*, No. 270936 (Mich. Ct. App. Dec. 6, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

I.      The trial court committed an error of law and Petitioner was denied his right to remain silent and his right to a fair trial by the admission of evidence in the Prosecutor's case in chief that he failed to make a pre-arrest statement to the police, and by the Prosecutor's argument that his failure to tell the police 'I didn't do it' proved that he did. U.S. Constitutional Amendment VI; XIV; Michigan Constitution Article I, Section 17, 20.

II.      Petitioner was denied a fair trial by the erroneous admission of irrelevant and unfairly prejudicial evidence implying that he had previously held a knife to his wife's neck.

III.      Make a record of his claim of ineffective assistance of counsel; failed to call witnesses, and denied the right to present a defense.

IV.      Petitioner is entitled to a new trial based on newly discovered, exculpatory evidence; in the alternative, Petitioner was denied his right to effective assistance of counsel.

V.      Petitioner's sentence of 19 to 60 years in prison is disproportionate and he must be re-sentenced.

VI.      The erroneous scoring of Petitioner's guidelines resulted in impermissible double-counting, and Petitioner must be re-sentenced.

VII.      Where Offense Variable 12 was inaccurately scored at 50 points, Petitioner is

entitled to a re-sentencing based on *Blakely v Washington*.

## III.

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 410-11.

## IV.

# A.

In his first habeas claim, Petitioner argues that evidence of his pre-arrest silence was improperly used as substantive evidence of his guilt. Petitioner's attorney moved *in limine* to exclude evidence of the prosecutor's allegation that Petitioner was hiding for the eleven months preceding his arrest. The trial court ruled that evidence of whether Petitioner was hiding was admissible and relevant. Police officer Brian Budde testified that Petitioner failed to appear for an interview scheduled for December 16, 2000, and that when officers went to Petitioner's sister's home, they were told he was not there, but when they searched the house, they found Petitioner in a back room of the house. The prosecutor questioned Petitioner about his failure to go to the police when he was aware that they wanted to speak to him.

The Michigan Court of Appeals held that the evidence was properly admitted. The court of appeals reasoned that it did not implicate *Miranda v. Arizona*, 384 U.S. 436 (1966), because *Miranda* protects only silence that occurs during a custodial interrogation. The state court further reasoned that admitting the evidence was not an abuse of discretion. *Adams*, slip op. at 1-2.

There is no clearly established Supreme Court precedent establishing a constitutional bar to using a defendant's pre-arrest, pre-*Miranda* silence. Federal courts of appeal have reached different conclusions regarding the use of a defendant's pre-arrest silence:

> The Ninth, Fifth, and Eleventh Circuit Courts of Appeal have held that the prosecution may comment on the defendant's silence if it occurred before the time he was required to be given his Miranda warnings. See *U.S. v. Oplinger*, 150 F.3d 1061, 1066-1067 (C.A.9, 1998); *U.S. v. Zanabria*, 74 F.3d 590, 593 (C.A.5, 1996); *U.S. v. Rivera*, 944 F.2d 1563, 1568 (C.A.11, 1991). However, the Sixth, Tenth, First, and Seventh Circuits have held that it is a violation of the defendant's Fifth Amendment right against self-incrimination for the prosecution to comment on a defendant's pre-*Miranda* silence as substantive evidence of guilt. See *Combs*

*v. Coyle*, 205 F.3d 269 (6th Cir. 2000); *U.S. v. Burson*, 952 F.2d 1196, 1201 (10th Cir. 1991); *Coppola v. Powell*, 878 F.2d 1562, 1568 (1st Cir. 1989); *U.S. ex rel Savory v. Lane*, 832 F.2d 1011, 1017 (7th Cir. 1987).

*See also Narlock v. Hofbauer*, 118 F. App'x 34,35 (6th Cir.2004) (*per curiam*) (holding that a state court's admission of postarrest, pre- Miranda silence could not be said to be contrary to or an unreasonable application of clearly established federal law); Mitchell v. Lafler, 118 Fed.Appx. 24, 27 (6th Cir.2004) (*per curiam*) (holding that a state trial court's admission as substantive evidence of the petitioner's prearrest silence did not warrant relief under the AEDPA), cert. denied, 544 U.S. 983 (2005).

*Jones v. Trombley*, 307 F. App'x 931, 933-34 (6th Cir. Jan. 22, 2009) (internal quotation omitted).

Because there is no clearly established Supreme Court precedent requiring the suppression of pre-arrest silence, the Court finds that habeas relief may not be granted on this claim. *Accord Jones* 307 F. App'x at 934.

**B.**

In his second habeas claim, Petitioner argues that his constitutional rights were violated when the trial court admitted testimony that he had previously placed a knife against the throat of the victim's mother in the presence of the victim.

The Michigan Court of Appeals held that the testimony was properly admitted, reasoning, in pertinent part:

Defendant also argues that the trial court erred in allowing testimony regarding an incident where defendant allegedly placed a knife against the throat of the victim's mother while the victim was present in the room. Defendant asserts that the testimony was inadmissible as a prior bad act under MRE 404(b), being irrelevant and inflammatory. But, defendant's assertion is irrelevant because the testimony was not admitted pursuant to MRE 404(b).

Plaintiff argues that the testimony was proper impeachment of defendant's credibility and was admissible to show that the victim had reason to fear defendant. Questions that bear on a witness' credibility are generally relevant. In

this case, both of defendant's children testified that defendant told them not to tell anyone about the incident. The victim also testified that defendant had spanked her with a belt on one occasion and she was scared of him. On cross-examination, defendant denied his children had any reason to fear him, denied "ever laying a hand on them," and stated that he could not specifically say whether the children had seen him in a violent mood. When asked, defendant denied the knife incident occurred. On these facts, we find the testimony was relevant to show whether defendant was testifying truthfully regarding whether the victim's fears were well founded.

Nonetheless, relevant evidence may be excluded when its probative value is "substantially outweighed by the danger of unfair prejudice." "Unfair prejudice" exists where there is a danger that the jury will give the evidence undue weight and the proponent of the evidence has less prejudicial means of introducing the substance of the evidence.

Here, defendant testified that the victim had no reason to fear him, and that she had not ever seen defendant and her mother fight. While the evidence certainly had probative value, there was no evidence as to when the knife incident allegedly occurred. Furthermore, the prosecutor could have questioned the victim further about why she was scared of defendant and then confronted defendant with this evidence. But, the jury did receive a cautionary instruction regarding the evidence's limited purpose. Generally, a court's decision on a close evidentiary question is not abuse of discretion. Nevertheless, we find any error was harmless because, after examining the entire case, it does not affirmatively appear that it is more probable than not that the admission of the testimony was outcome determinative.

*Adams*, slip op. at 2.

The United States Supreme Court has declined to hold that the admission of similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53, 110 S. Ct. 668, 674-75 (1990). Although the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence

8

in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Consequently, there is no Supreme Court precedent that the state court decisions could be

deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513. Petitioner's challenge to the

admission of other acts evidence, therefore, does not warrant habeas relief.

## C.

In his third and fourth claims, Petitioner argues that he was denied the effective

assistance of counsel and right to present a defense because his attorney failed to call witnesses

in his defense who would have testified that he was not living with his mother at the time of the

offenses. Petitioner points to two affidavits, his own and his brother's, as support for his claim.

Respondent argues that this claim is procedurally defaulted. "[F]ederal courts are not

required to address a procedural-default issue before deciding against the petitioner on the

merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520

U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for

example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar

issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the

Court finds that the interests of judicial economy are best served by addressing the merits of

Petitioner's claim.

To establish that he received ineffective assistance of counsel, a petitioner must show,

first, that counsel's performance was deficient and, second, that counsel's deficient performance

prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may

show that counsel's performance was deficient by establishing that counsel's performance was

"outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a

showing that counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner

must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he focus should be on

whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399

F.3d 796, 802 (6ᵗʰ Cir. 2005), *quoting Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

The last state court to issue a reasoned opinion regarding Petitioner's ineffective

assistance of counsel claim was the trial court in its order denying Petitioner's motion for relief

from judgment. The trial court held, in pertinent part:

> To establish ineffective assistance of counsel, the defendant must prove: (1) that
> his counsel's performance was so deficient that he was denied his Sixth
> Amendment right to counsel; and (2) that this deficient performance prejudiced
> him to the extent that there is a reasonable probability that but for counsel's error,
> the result fo the proceeding would have been different. *People v. Carbin*, 463
> Mich. 590, 599-600 (2001). Decisions regarding what evidence to present and
> whether to call or question witnesses are presumed to be matters of trial strategy,
> and a court should not substitute its judgment for that of counsel. . . .
>
> In the instant case (and contrary to his current affidavit), the Defendant testified
> under oath at trial that he *did* live with his mother during some period of time
> between 1996 and 2000 and specifically referenced "the early part of July, last
> part of June, last part of July" during 1997. (Tr II at 68). Consistent with this
> trial testimony, Alethia Stern, mother of the children and another defense witness
> called at trial, testified that, during the relevant time period, she would leave the
> children with the Defendant on the weekends by dropping them off at the
> Defendant's mother's home as this is where the Defendant lived as well. (Tr. II at
> 47). That the Defendant subsequently submitted an affidavit with his remand
> motion attesting that he did not live with his mother, and that the Defendant's
> brother also attests the same is of no moment under the circumstances. Trial
> counsel cannot be deemed to have been ineffective for not calling a witness who
> would have testified contrary to the trial testimony of the Defendant and the
> child's mother. The decision of whom to call was a matter of trial strategy, . . .
> the facts *supra* confirm that there was a rational basis for counsel's acts.

Accordingly, the Defendants arguments fail to overcome the presumption of effective counsel.

*Adams*, No. 01-181442, slip op. at 5-6.

The Court finds the trial court's disposition of this claim well-reasoned and thorough. Petitioner's argument that counsel should have presented a defense contrary to Petitioner's own testimony is not well-founded. Similarly, his claim that counsel's failure to present contrary testimony denied him his right to present a defense is baseless. The right of a defendant to present a defense has long been recognized as "a fundamental element of due process of law." *Washington v. State*, 388 U.S. 14, 19 (1967). It is one of the "minimum essentials of a fair trial." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). The right to present a defense protects a defendant from the unconstitutional exclusion of evidence at trial. It does not offer any protection to a defendant whose attorney has acted competently in deciding which evidence to present and which not to present at trial. Additionally, the affidavit of Petitioner's brother is not newly discovered evidence because it was known to Petitioner at the time of trial. The Court denies habeas relief on these claims.

## D.

Next, Petitioner argues that his sentence of 19 to 60 years' imprisonment is unconstitutional because it is disproportionate to the offense.

There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957 (1997). However, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime." *Id.* at 995. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also*

11

*United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted).

Under Michigan law, the maximum sentence for first-degree criminal sexual conduct is life imprisonment, Mich. Comp. Laws § 750.520b, and the maximum sentence for second-degree criminal sexual conduct is fifteen years imprisonment. Mich. Comp. Laws § 750.520c. Petitioner's sentences did not exceed the statutory maximum for each of his offenses. Accordingly, the petitioner fails to prove an Eighth Amendment violation under which he would be entitled to habeas corpus relief.

### E.

Petitioner argues that habeas relief is warranted because the state court erred in scoring his offense variables.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense

12

variables in determining the state sentencing guidelines is not cognizable on habeas corpus

review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v.*

*Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105,

106-07 (E.D. Mich. 1987) (same).  Therefore, habeas corpus relief is not available for this claim.

**F.**

Finally, Petitioner argues that his sentences violate the holding of *Blakely v. Washington*,

542 U.S. 296 (2004).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that any fact,

other than a prior conviction, "that increases the maximum penalty for a crime must be charged

in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 476.

However, Michigan has an indeterminate sentencing system for most crimes.  The maximum

sentence for Petitioner's crimes is set by Michigan law.

In *Blakely*, the Supreme Court addressed indeterminate sentencing systems and held that

an indeterminate sentencing system does not violate the Sixth Amendment.  *Blakely*, 542 U.S. at

309.  The Court explained that while indeterminate sentencing systems may involve judicial fact-

finding, of those facts a judge may find important to the exercise of the judge's sentencing

discretion, those facts "do not pertain to whether the defendant has a legal *right* to a lesser

sentence. . . ." *Id*. (emphasis in original).  Judicial factfinding may not be used to impose a

sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490.  In this case,

the sentencing court did not exceed the statutory maximum for Petitioner's crimes.  Therefore,

the sentencing scheme did not run afoul of the Sixth Amendment.  Because *Blakely* does not

apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's

sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007) ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme.").

## V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## VI.

The petitioner has not shown he is incarcerated in violation of federal law as determined by the Supreme Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.


                                               s/Marianne O. Battani
                                               MARIANNE O. BATTANI
                                               UNITED STATES DISTRICT JUDGE

Dated:   March 18, 2010

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record.


                                               s/Bernadette M. Thebolt
                                               Case Manager